IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ENVIRCO CORPORATION,

        Plaintiff,

vs.                                                   No. CIV 99-830 LFG/DJS

ENVIROFLEX, INC.,

        Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER came before the Court on Plaintiff's Motion for Default Judgment [Doc. 34]. Defendant did not file a response to the motion, nor to an earlier order to show cause. The Court finds that Defendant is in default. Default judgment will not be entered at this time, pending an evidentiary hearing on the issue of damages.

In this diversity action for breach of contract, Defendant Enviroflex, Inc. participated in the early stages of litigation, but then appears to have dropped out of sight. Defendant was properly served with process and responded by filing a motion to dismiss for lack of subject matter jurisdiction. The motion was denied, and Defendant filed its answer on December 13, 1999. Defendant also served initial disclosures, as it is required to do by federal rule, and participated in the initial scheduling conference by counsel. Plaintiff served interrogatories on Defendant on April 17, 2000, to which Defendant did not respond.

On June 7, Defendant's attorney filed a motion to withdraw as counsel, stating that he had not been able to contact a representative of the Defendant corporation in order to answer the interrogatories, and citing as grounds for the motion the client's lack of communication with counsel,

lack of assistance to counsel, and breach of the terms of Defendant's engagement of counsel.

The Court granted the motion to withdraw on June 12, 2000, ordering Defendant's counsel to provide its client with a copy of the order and directing counsel to advise Defendant that, as a corporation, it may not represent itself and must secure the services of substitute counsel; that new counsel must enter an appearance within 30 days; and that outstanding discovery requests must be answered within 20 days thereafter. Counsel was also directed to advise Defendant that failure to comply with the order could result in imposition of sanctions under Rules 16 and 37, including the possibility of a default judgment. Defendant's attorneys filed a certificate of compliance with these directives and withdrew from representation.

Defendants did not notify the Court regarding new counsel within the time allotted, and on August 14, 2000, the Court entered an order directing Defendant, through its president or CEO, to show cause by written response and affidavit why sanctions should not be entered against it for failure to comply with the Court's order. Enviroflex failed to meet the August 31 show-cause deadline and is currently in defiance of the order to show cause.

Local Rules provide that failure of a corporate litigant to appoint new counsel upon withdrawal of its attorneys may result in default judgment. D.N.M.LR-Civ. 83.8(c). *See also*, Eagle Assocs. v. Bank of Montreal., 926 F.2d 1305, 1310 (2d Cir. 1991); Hoxworth v. Blinder, Robinson & Co., Inc., 980 F.2d 912, 918-19 (3d Cir. 1992) (default is an appropriate sanction for failure to comply with an order to obtain counsel).

On August 28, 2000, Plaintiff filed this Motion for Default Judgment. This is not a true "failure to plead or otherwise respond" under F. R. Civ. P. 55(a); rather, it is a situation calling for sanctions under Rules 16 and 37, up to and including default, for Defendant's failure to meet its

2

discovery obligations and failure comply with two Court orders, the first one directing it to obtain substitute counsel, the second ordering it to show cause.

The Court therefore finds that Defendant is in default. Plaintiff seeks damages in the amount of approximately $2.4 million, as well as attorneys' fees of $25,000. Because the damages sought by Plaintiff are not unliquidated, this Court is required to hold an evidentiary hearing on the issue of damages upon default. <u>Hunt v. Inter-Globe Energy, Inc.</u>, 770 F.2d 145 (10th Cir. 1985); <u>Venable v. Haislip</u>, 721 F.2d 297, 300 (10th Cir. 1983). The question of attorneys' fees also requires a hearing. <u>Id</u>.

In addition, for a default arising from discovery or litigation abuses, the district court is obliged to make an explicit finding of willfulness or bad faith, and that the Court considered lesser sanctions than default. <u>Rains v. Ruplinger</u>, 946 F.2d 731 (10th Cir. 1991); <u>Held v. Shelter Systems Group Corp.</u>, 16 F.3d 416 (Table, text in Westlaw), No. 93-1225, 1997 WL 47157 (10th Cir. Feb. 15, 1994). Plaintiff will be permitted to introduce evidence on these issues at the hearing.

IT IS THEREFORE ORDERED that Defendant Enviroflex, Inc. is hereby declared to be in default;

IT IS FURTHER ORDERED that Plaintiff's Motion for Default Judgment is denied at this time, pending an evidentiary hearing to be conducted on Thursday, October 26, 2000 at 9:00 a.m., in the Vermejo Courtroom, 4th floor, 333 Lomas Blvd., N.W. Albuquerque, New Mexico, on the issues of damages, attorneys' fees, and appropriate sanctions.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge