IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ENVIRCO CORPORATION,

           Plaintiff,

vs.                                        CIVIL NO.   99-830 LFG/DJS

ENVIROFLEX, INC.,

           Defendant.

## MEMORANDUM OPINION AND ORDER ON DAMAGES

THIS MATTER is before the Court on Envirco Corporation's ("Envirco) Motion to Establish Damages by Affidavit [Doc. 39]. Envirco's motion was served on December 4, 2000, and Defendant Enviroflex, Inc. ("Enviroflex") was required to serve its response by December 22, 2000. Enviroflex failed to respond as required by federal law, and the time for filing any response has since elapsed. Enviroflex neither sought nor obtained any extension of time from the Court or from opposing counsel to file a tardy response. The failure to file a response in opposition to a motion constitutes consent to the grant of the motion. D.N.M.LR-Civ. 7.5(b). Thus, Enviroflex is deemed to have consented to Envirco's motion. Notwithstanding Enviroflex's consent, the Court independently reviewed the motion to consider it on its merits.

On September 20, 2000, the Court found that Enviroflex was in default, but withheld issuing a default judgment pending a determination on the issue of damages [Doc. 35]. The Court noted that Enviroflex, while participating in the litigation during its early stages, subsequently "dropped out of sight." Even though it was properly served with process and responded by filing a motion to dismiss

for lack of subject matter jurisdiction, the motion was denied.  Thereafter, Enviroflex filed its answer on December 13, 1999, and served its initial disclosures as required by Fed. R. Civ. P. 26.  Enviroflex also participated in the initial Rule 16 scheduling conference, and subsequent to the conference, discovery commenced.  However, Enviroflex did not respond to Envirco's written discovery served on April 17, 2000.

In June, 2000, Enviroflex's attorney sought leave to withdraw, citing the client's lack of communication with counsel, lack of assistance, and breach of its contract of engagement.  While the Court granted defense counsel's request for leave to withdraw [Doc. 30], counsel was required to provide his client with a copy of the Court's order and directed counsel to advise Enviroflex that, as a corporation, it could not represent itself as a pro se litigant, but, rather, was required to secure the services of substitute counsel who must enter an appearance within thirty days.  D.N.M.LR-Civ. 83.7 .  The Court further directed that the outstanding discovery requests be answered within twenty days after securing new counsel.  Counsel was also directed to advise Enviroflex that failure to comply with the Court's order could result in imposition of sanctions under Rules 16 and 37, including the possibility of a default judgment.  In accord with the Court's September 20, 2000 order, Enviroflex's attorneys filed a certificate indicating that they complied with the Court's directives.

When Enviroflex failed to obtained substitute counsel and failed to respond to outstanding discovery within the time required by the Court's order, the Court issued an Order to Show Cause directing Enviroflex, through its president or CEO, to show cause by written response and affidavits why sanctions should not be entered against it for its failure to comply with the Court's order. Notwithstanding the Court's explicit direction, Enviroflex failed to respond and was, and remains, in defiance of the Court's Order to Show Cause.

2

The Court determined that, notwithstanding its default, because the damages sought were substantial and unliquidated, even Enviroflex had a right to be heard on the issue of damages and has a right to offer evidence in mitigation.  Hunt v. Inter-Globe Energy, Inc., 770 F.2d 145, 148 (10th Cir. 1985); Venable v. Haislip, 721 F.2d 297, 300 (10th Cir. 1983).  Because the Court had a question concerning whether attorney fees were or were not properly awardable, the Court wished to give Enviroflex an opportunity to present argument or authorities on this issue.  Enviroflex was given notice of Envirco's motion to establish damages; it was given an opportunity to be heard, and chose not to respond.

Based on Enviroflex's default and its failure to challenge any of the factual assertions contained in Envirco's motion to establish damages, the Court finds as follows:

1.  Envirco, a New Mexico corporation, and Enviroflex, a California corporation, are both in the business of manufacturing and distributing fan filter units.

2.  In 1996, following a patent dispute between the parties, Envirco and Enviroflex entered into a settlement agreement whereby Envirco forfeited its right to pursue patent infringement litigation against Enviroflex in exchange for Enviroflex's payment of certain consideration, including a promise to use Envirco to manufacture fan filter units in the future for sales in the United States and Europe.  The parties entered into a "Requirement Contract" whereby Envirco would manufacture for Enviroflex all of the fan filters Enviroflex would require.

3.  The parties anticipated that the annual production under the Requirements Contract would average 10,000 fan filter units per year, and that Envirco would generate in excess of $500,000 per year in net revenue from production.

4.  In reliance on the mutual promises, Envirco incurred engineering and manufacturing costs

and expenses in preparing for its production obligations under the Requirements Contract.

5.   While Envirco was performing its responsibilities under the Requirements Contract, Enviroflex engaged in a concerted effort to delay the manufacture of fan filters and obstructed Envirco's performance.

6.   During the time Envirco was engaged in preparations for the manufacture of Enviroflex's requirements for fan filter units, Envirco learned that Enviroflex was engaged in a number of projects for which Enviroflex had agreed to have Envirco manufacture and distribute fan filters.  Enviroflex kept this information from Envirco in blatant disregard of its obligations under the Requirements Contract.

7.   Enviroflex obtained a sample of Envirco's fan filter and "engineered around" the Envirco patent to essentially pass off Envirco's filter as its own.  This unchallenged evidence demonstrates malicious, wanton and intentional conduct.

8.   Even though Enviroflex is selling and distributing fan filter units, it has not placed orders with Envirco for their units as contemplated under the Requirements Contract.

9.   Enviroflex breached its contract with Envirco and Envirco has suffered damages, including out-of-pocket costs, expenses, and anticipated profits, pre-judgment interest on the lost profits, post-judgment interest, and punitive damages.

10.   Envirco devoted over 400 hours in engineering time in anticipation of its production responsibilities under the Requirements Contract.  The actual out-of-pocket costs and expenses associated with Envirco's compliance with the Requirements Contract total $37,875.72.  These costs were reasonably and necessarily incurred by Envirco in furtherance of performance of its responsibilities under the Requirements Contract and in reliance on Enviroflex's representations that

4

Envirco would manufacture fan filter units for projects in the United States and Europe.

11.  In addition to the foregoing expenses, Envirco suffered lost profits in the amount of $59.12 for each fan filter which Enviroflex should have, but failed to have, Envirco manufacture under the Requirements Contract between the parties.

12.  At the time the parties entered into the Requirements Contract, it was contemplated that Envirco would manufacture 10,000 units per year.  The total lost profits from the time of the Requirements Contract to present, at 10,000 unit annual production level estimates contemplated by the parties, totals $2,364,800 ($10,000 at $59.12 per unit, times 4 years).

13.  Envirco was compelled to retain counsel to pursue its legal rights and remedies, but has failed to present evidence demonstrating that attorney fees and costs were contemplated in the Requirements Contract.  Under the "American Rule," attorney fees are not allowable unless provided for by statute or contract. Ruckelhaus v. Sierra Club, 463 U.S. 680, 683-84, 103 S. Ct. 3274, 3277 (1983).  Thus, while Envirco has incurred costs and attorney fees in the amount of $27,423.99, they are not recoverable in this lawsuit.

14.  Envirco seeks an award of pre-judgment interest.  An award of pre-judgment interest is controlled by state law, and is intended to compensate an obligee for lost opportunity to use his or her money between the time a claim accrues and the time of judgment.  It is clear that Envirco lost the benefit of its bargain, including loss of use of profits.  It is difficult, however, to determine the pre-judgment interest as the parties' contemplated production of 10,000 units per year over a course of several years.  Thus, the loss of profits, say from the first month's production, are substantially different from the last month's production.

While the total production is ascertainable over a period of four years, the mathematical calculation on the exact amount of pre-judgment interest is left to speculation. The Court declines to speculate, and, accordingly, declines to enter an award for pre-judgment interest.

15. The Court determines that Envirco is entitled to post-judgment interest in accord with the provisions of 28 U.S.C. § 1961, and, therefore, interest shall accrue until paid in full on all amounts awarded herein.

16. Enviroflex's conduct was malicious, intentional and reckless, justifying an award of punitive damages equal to ten percent of the contract price, or $236,480. This punitive award is well within the range of punitive damages authorized by law.

Accordingly, judgment shall be entered in favor of Envirco Corporation and against Enviroflex, Inc. in the following sums:

    a. $2,364,800.00.

    b. $236,480.00.

    c. taxable costs

Lorenzo F. Garcia
United States Magistrate Judge

ATTORNEYS FOR ENVIRCO CORPORATION:
David A. Rammelkamp, Esq.
Karl E. Johnson, Esq.
Shari L. Sterud, Esq.

ENVIROFLEX, INC.:
David Kim, CEO